UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KATHY L. ROES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00246 |
| | ) | REEVES/STEGER |
| SPECIALIZED LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action is brought by plaintiff alleging that the loan servicer for her mortgage improperly failed to acknowledge payments and engaged in improper collection practices in violation of the Real Estate Settlement Procedures Act, the Truth In Lending Act, the Fair Debt Collection Practices Act, and related federal and state laws.

Defendant, Specialized Loan Servicing, responds that plaintiff failed to make any payments under the Note or Deed of Trust from October 2014 through February 2015, and is in default. Defendant moves to dismiss the Complaint for failure to state a claim.

For the following reasons, defendant's motion to dismiss the complaint will be granted, and this action dismissed in its entirety.

### I. Background

Kathy Roes purchased a residence on January 20, 2005. To finance the purchase she borrowed funds pledging her property as collateral. Roes executed a Promissory Note

and Deed of Trust naming herself as the borrower and AmSouth as the lender/mortgagee. On April 8, 2009, Roes filed a petition in Bankruptcy Court under Chapter 13. On June 9, 2009, E-Trade Bank, through CLC Consumer Services, filed a proof of claim in the amount of $24,069.59 for outstanding payment obligations under the Note and Deed of Trust.

Pursuant to the Chapter 13 Plan, Roes agreed to pay monthly maintenance payments to the mortgagee of $259.25 via payments tendered by the Chapter 13 Trustee. Payments were made by the Trustee from June 30, 2009 through September 19, 2014. The payment history of the loan shows that no payments were made from October 2014 through February 2015. Specialized Loan Servicing (SLS) became the servicer of Roes' Deed of Trust on May 6, 2014.

On August 27, 2014, Roes was ordered to file a Domestic Support and Financial Management Course Certification with the Bankruptcy Court within twenty-one days. Roes failed to file this notice and her case was administratively closed without discharge on January 8, 2015. Roes subsequently reopened her bankruptcy case on January 28, 2015, and filed the required notice on February 20, 2015. She then made her first payment on the mortgage on March 23, 2015.

SLS asserts Roes failed to make any payments under the Note or Deed of Trust from October 2014 through February 2015. When she subsequently began making payments, these payments did not address the previously unpaid balance, and thus only qualify as "Partial Payments."

Roes, on the other hand, alleges she began making payments to SLS in October 2014. SLS responds that Roes has provided no evidence, such as bank statements or other

exhibits, to support her claim that she complied with her payment obligations from October 2014 through February 2015.[1]

In the fall of 2015, Roes sent a Request for Information to SLS and SLS timely responded by providing the payment history on the loan. The payment history contains no notations for any transactions from October 16, 2014 through March 11, 2015. Thereafter, on June 24, 2016, Roes received a mortgage statement alleging a delinquency of $4,251.526. Roes sent a second Request for Information on October 18, 2016. SLS timely responded providing an updated loan transaction history. The updated history contained the same October 2014 to March 2015 gap. Roes then sent a Notice of Error to SLS on June 8, 2017, asking SLS to review five payments of $300 made on June 15, July 14, August 14, October 15, 2015, and May 2016. SLS sent a detailed response on July 26, 2017, admitting the errors pointed out by Roes, properly crediting the payments and waiving late charges and fees. SLS also provided an updated history of the loan showing the account remained delinquent. Roes did not question the payment gap from October 2014 through February 2015. Despite the mortgage remaining in arrears, SLS has taken no action to foreclose on the property.

Roes brings this action against SLS alleging six causes of action: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the Truth In Lending Act; (3) violation of the Fair Debt Collection Practices Act; (4) violation of the bankruptcy stay; (5) state law breach of contract; and (6) state law conversion. SLS moves to dismiss all claims.

---

[1] Roes attached 110 pages of exhibits to her Complaint, but these exhibits contain no evidence of payment for October 2014 through February 2015.

## II. Standard of Review

Defendant SLS moves for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining the sufficiency of the complaint against a motion to dismiss under this Rule, the court must accept as true all facts alleged in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court is not required to accept as true any proffered legal conclusions. *Id.*

A motion to dismiss under Rule 12(b)(6) will be denied where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conversely, dismissal under this Rule "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter v. Cornwell*, 983 F.2d 52, 54 (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.")

In reviewing a Rule 12(b)(6) motion to dismiss, the court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Specifically, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial*

4

*Money Ctr. Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). A court, however, is not required to accept as true allegations "which contradict documentary evidence appended to, or referenced within, the plaintiff's complaint." *Mulbarger v. Royal All. Assocs. Inc.*, 10 Fed.Appx. 333, 335 (6th Cir. 2001). Therefore, if a factual assertion in the pleadings is inconsistent with a document attached for support, the court is to accept the facts as stated in the attached document. *Williams v. CitiMortgage Inc.*, 498 Fed.Appx. 532, 536 (6th Cir. 2012).

### III. Analysis

**A. Real Estate Settlement Procedures Act (RESPA)**

Roes' RESPA claim is based on an alleged violation of 12 C.F.R. § 1024.35 concerning her submission of a Notice of Error. Roes' claim fails because that regulation does not provide a private right of action for damages. *See Miller v. HSBC Bank U.S.A., N.A.,* 2015 WL 585589 at *11 (S.D.N.Y. Feb. 11, 2015). "The only effect that receipt of a notice of error has is to prohibit a mortgage servicer, for sixty days after receipt of a notice of error, from furnishing adverse information to any consumer reporting agencies regarding any payment that is the subject of the notice of error." *Id.*

Roes contends that 12 C.F.R. § 1024.35 was promulgated under RESPA, and that RESPA provides a private right of action under 12 U.S.C. § 2605(f). The court disagrees.

While § 2605 generally provides a private right of action for RESPA violations, 12 C.F.R. § 1024.35 does not. Other sections promulgated under RESPA, such as 1024.41, explicitly provide a private cause of action by referring to remedies under § 2605(f). However, § 1024.35 makes no such reference and therefore does not provide a private right

5

of action. *Wilson v. Bank of America, N.A.*, 2016 WL 8793204 at *8 (S.D.Fla. May 2, 2016); *Brown v. Bank of New York Mellon*, 2016 WL 2726645 (E.D.Va May 9, 2016); *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed.Appx. 355, 359 n.15 (5th Cir. 2016).

Assuming that Roes could bring a claim under § 1024.35, she has not shown that SLS failed to respond to her Notice of Error or that SLS's response caused her damages. Roes' Notice of Error sent on June 9, 2017, delineated five payments that she believed were improperly applied to her mortgage. SLS responded to the Notice of Error by sending a letter on July 26 informing Roes that it had properly credited the payments, and waived the late charges and fees. SLS also provided her with an updated Life of the Loan detailing these corrections. The court finds that Roes' RESPA claim fails because § 1024.35 does not provide a private right of action and because SLS properly responded to her Notice of Error. Accordingly, the RESPA claim is dismissed.

**B. Truth in Lending Act (TILA)**

Roes concedes in her response that SLS is entitled to dismissal of her TILA claim. Accordingly, the TILA claim is dismissed.

**C. Fair Debt Collection Practices Act (FDCPA)**

Roes asserts that statements contained in SLS's response to her Notice of Error contain material misstatements of the amount owed and violate 15 U.S.C. §§ 1692(d) and (f) of the FDCPA. SLS argues that this claim fails for two reasons: (1) SLS was not acting as a "debtor collector" under the FDCPA, and (2) SLS's actions amount to general servicing of Roes' Mortgage, not unlawful debt collection actions.

The FDCPA applies to "debt collectors," but not "creditors." 15 U.S.C. § 1692(e); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 411 (6th Cir. 1998). The term "debt collector," means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). A creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their own accounts. *MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 735 (6th Cir. 2007).

The FDCPA excludes as debt collectors, any person collecting a debt owed or due which is not in default at the time it is obtained by such person or concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor. *Stout v. Equicredit Corp. of America*, 2016 WL 1531821 at *3 (W.D.Tenn. Apr. 15, 2016). Important here, mortgage holders and loan servicers are excluded so long as the debt was not in default at the time it was acquired. *Rodriguez v. CitiMortgage, Inc.*, 2015 U.S.Dist. LEXIS 141401 at *9 (M.D.Tenn. Apr. 30, 2015).

Here, although Roes asserts her mortgage loan was in default at the time SLS became the servicer for her mortgage, the record shows otherwise. SLS obtained the loan on May 6, 2014, though a Notice of Transfer of Claim in the Bankruptcy proceedings. At the time of the transfer, the loan was subject to a confirmed Chapter 13 plan and the Chapter 13 Trustee was making the payments. At the time, SLS obtained the loan, it was only subject to maintenance payments under the plan and not subject to any arrearage. The

7

court finds that SLS was not a "debt collector" as defined in the FDCPA. Accordingly, the FDCPA claim is dismissed.

**D. Violation of Bankruptcy Stay**

Roes avers SLS violated the automatic stay "by failing to apply all tendered payments by the Chapter 13 Trustee as well as failing to apply payments tendered since October 1, 2014. SLS willfully rejected timely and necessary payments to the Deed of Trust in direct contravention to the notice of Final Cure Payment pursuant to Fed. Bankr. R. 3002.1." This claim also fails as a matter of law. *See In re Smith*, 2017 WL 943905 at *3 (Bankr. E.D.Tenn. Mar. 9, 2017) ("Failing to account for payments received does not fall within any of the prohibitions listed in 11 U.S.C. § 362(a), which prohibits certain actions by creditors to enforce their rights under loan and security documents; a failure to act cannot constitute a violation of the stay, at least not in the absence of averments that the creditor had a duty to act and that the act had the effect of attempting to collect a debt"). Based on this authority, Roes cannot maintain a claim against SLS for violation of the bankruptcy stay. Accordingly, the claim for violation of the bankruptcy stay is dismissed.

**E. Breach of Contract**

Roes alleges that she has a binding contractual relationship with SLS as the servicer of the Deed of Trust and Note. Roes further alleges that payments made from April 2014 to July 2017 have not been properly applied.

SLS responds that the Complaint does not contain a single factual allegation that it breached any provision of the Note or Deed of Trust. Instead, Roes makes a conclusory statement that SLS did not properly apply $14,347.84 in mortgage payments from April

2014 through July 27, 2017. Roes does not point to any specific language or provision in the Note or Deed of Trust that would give rise to a breach by SLS.

Under Tennessee law, a cause of action for breach of contract requires a plaintiff to prove (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 W.W.3d 1, 26 (Tenn.Ct.App. 2005). In addition, "a plaintiff must identify the specific contract language whereby the defendant assumed a legally enforceable obligation to the plaintiff." *Brooks v. Wells Fargo Bank, N.A.*, 2014 WL 345737 at *2 (M.D.Tenn. Jan. 30, 2014).

Here, Roes conclusorily alleges that SLS breached the Note and Deed of Trust by misapplying her payments. She points to no language in the loan documents specifying how payments were to be applied, nor does she specify how payments were misapplied. Payments were made by the Bankruptcy Trustee through September 2014. The exhibits attached to her Complaint show that Roes was obligated to begin making monthly mortgage payments beginning in October 2014. Roes did not make any payments to SLS until March 2015. When she did make payments to SLS, Roes only made partial payments, which SLS held in a suspense account. The monthly statements sent to Roes by SLS state: "Any partial payments that you make are not applied to your mortgage, but instead held in a suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage." The Deed of Trust provides "Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note by law." Moreover, the regulation Roes cites, 12 C.F.R. § 1026.36(c)(1)(ii), provides for a servicer to retain a

partial payment in a suspense or unapplied funds account. Therefore, SLS's actions in placing any partial payment into a suspense account are lawful under the Deed of Trust and the regulation, and cannot constitute a breach of contract. *See Smith*, 2017 WL 943905 at *2 (dismissing breach of contract action predicated on the allegation that defendant did apply payments in accordance with the Home Equity Line of Credit Agreement and accompanying Deed of Trust). Accordingly, the claim for breach of contract is dismissed.

### E. Conversion

The elements of a conversion claim include (1) an appropriation of another's tangible property to one's use and benefit, (2) an intentional exercise of dominion over the chattel alleged to have been converted, and (3) defiance of the true owner's rights to the chattel. *River Park Hosp. Inc. v. BlueCross BlueShield of Tenn. Inc.*, 173 S.W.3d 43, 60 (Tenn.Ct.App. 2002).

Roes alleges there is $3,300 in unapplied/unaccounted for funds in the possession of SLS and she does not know where these funds are or how they have been applied. Roes provides no legal support for her claim that this constitutes conversion under the law, and admits the question of whether Tennessee recognizes misapplication of mortgage payments as conversion is a novel question.

SLS responds a lender cannot convert funds that it is authorized to possess; therefore, Roes' conversion claim fails as a matter of law. The court agrees.

Here, Roes was contractually obligated to make payments under the Note and Deed of Trust. Neither the Note nor the Deed of Trust prohibit SLS from accepting partial payments and holding them in a suspense account. The monthly mortgage statements SLS

10

sent to Roes showed that partial payments were held in a suspense account. In *Clifton v. Nationstar Mtg,* the district court found that because a lender cannot convert funds that it is authorized to possess, plaintiff's claim for conversion failed as a matter of law. *Id*, 2015 WL 1549108 at *3 (D.S.C. Apr. 6, 2015). *See also, Davis v. Bank of Am. Corp.*, 2013 WL 141150 at *5 (S.D.Miss. Jan. 11, 2013 (Bank within its right to accept and retain partial payments and plaintiff's claim that defendant did not timely apply payments and unlawfully held partial payments failed as a matter of law); *Kin Chun Chung v. JP Morgan Chase Bank, N.A.*, 975 F.Supp.2de 1333, 1346-47 (N.D.Ga. 2013) (Mortgagee's alleged failure to apply loan payments did not constitute conversion where mortgagee lawfully came into possession of the payments). Based on this authority, the court finds that Roes' claim for conversion fails as a matter of law. Accordingly, the conversion claim is dismissed.

## IV. Conclusion

In light of the foregoing discussion, defendant SLS' motion to dismiss [R. 13] is **GRANTED,** and all claims against SLS are **DISMISSED in their entirety, with prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**

11